IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD LOUIS STOHLMEYER,

                Plaintiff,                OPINION AND ORDER

v.

                                                16-cv-289-wmc

SAMANTHA JENTRY and F.B.I.,

                Defendants.

---

*Pro se* plaintiff Richard Louis Stohlmeyer filed this civil action against Samantha Jentry[1] and the FBI, alleging that a number of disturbing events have occurred, including: being placed under surveillance; being hit in his car and run off the road; being shot at; receiving harassing phone calls and an electric shock from his cell phone; being sprayed with a chemical; having his house broken into; and being denied rental space at a flea market. Plaintiff paid the $400 filing fee for his complaint, and he was directed to serve the summons and copies of his complaint on defendants. Plaintiff filed proof of service on July 25 and August 1, 2016, showing that he had attempted service on both the FBI and Jentry through certified mail.

Defendants have now moved to dismiss the complaint on various grounds, including: (1) insufficient service of process on Jentry; (2) failure to state a claim upon which relief may be granted; (3) failure to exhaust administrative remedies under the Federal Tort Claims Act; (4) improper venue; and (5) lack of standing for certain claims. (Dkt. #8.) The court concludes that defendants' motion must be granted. Plaintiff

---

[1] Plaintiff refers to this defendant as both "Samantha Jentry" and "Samantha Gentry" in his complaint. Because "Jentry" is the spelling that appears in the caption, the court will also use "Jentry."

failed to serve Jentry properly, but even if he had properly served her, his complaint fails to state a claim against either Jentry or the FBI. The court will, therefore, dismiss plaintiff's claim without prejudice, subject to giving plaintiff an additional opportunity to file and properly serve an amended complaint that states a claim against defendants. If plaintiff fails to do so by the deadline specified below, this case will be dismissed.

OPINION

I. Lack of Personal Service on Samantha Jentry

Defendants move to dismiss plaintiff's claims against Samantha Jentry for insufficient service of process under Fed. R. Civ. P. 12(b)(5).[2] Rule 4(e) sets forth the rules governing service of process on an individual, allowing parties to accomplish service by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) Doing any of the following:

(A) Delivering a copy of the summons and of the complaint to the individual personally;

---

[2] Defendants' counsel represents that the FBI has no current or recent employee by the name of Samantha Gentry, Samantha Jentry or Samantha Sentry who worked in the Milwaukee Field Office or any other FBI office that covers the state of Wisconsin. Thus, it is unclear whether the U.S. Attorneys' Office is appearing or intends to appear and defend on behalf of a defendant named "Samantha Jentry." If the U.S. Attorneys' Office is not intending to appear on her behalf, it is unclear whether it has standing to file a motion to dismiss Jentry for insufficient service of process. Because it is obvious from the record that plaintiff has not yet properly served (personally or otherwise) any defendant named Samantha Jentry, however, the court will address defendants' arguments regarding service. While plaintiff's complaint fails to state any claim for relief against either defendant Jentry or the FBI, the court only addresses the arguments regarding failure to state a claim as to the FBI itself. In the event plaintiff chooses to file an amended complaint that again names Jentry as a defendant, the U.S. Attorney's Office should clarify whether it intends to represent Jentry or not.

2

> (B) Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under Wisconsin law, a plaintiff must attempt service of a summons on an individual by either personally serving the summons on the defendant or leaving a copy of the summons at the defendant's usual place of abode. Wis. Stat. § 801.11. If these methods are unavailable, a plaintiff may serve notice by publication and mailing to the defendant's residence. *Id.*

Plaintiff's "proof of service" confirms that he has not served Jentry by any permissible means. (*See* dkt. ##5, 6, 7.) Instead, he attempted to serve her by mailing the complaint to the U.S. Attorney General's Office and the Madison U.S. Attorneys' office. Because plaintiff has failed to properly serve Jentry under Rule 4(e), the court may either dismiss plaintiff's claim against her without prejudice, or may extend the time for service. *See* Fed. R. Civ. P 4(m). Normally, the court would extend the time for service when a *pro se* litigant has failed to properly serve a defendant. Here, however, extending the time for plaintiff to serve the original complaint would be pointless because, as discussed below, plaintiff's complaint fails to state any claim for relief against either defendant.[3] Thus, it makes no sense for plaintiff to make efforts to properly serve a complaint that would be immediately dismissed for failure to state a claim. Instead, the

---

[3] As for Jentry, plaintiff alleges that she identified herself once as "with the FBI" and told him at one point that she "can call my boss and make all of this go away, or it won't." He further alleges that approximately 2 ½ years ago, she approached him at a flea market in Iowa and said, "we've got to talk." His complaint contains no other specific allegations about Jentry, and these allegations alone are too vague to implicate any federal claim against her.

court will dismiss the claim against Jentry without prejudice and give plaintiff the opportunity to amend his complaint with information sufficient to state a claim and then properly serve the amended complaint.

## II. Failure to State a Claim

Defendants have also moved to dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Plaintiff's complaint violates this rule because it is not clear what claims he is attempting to bring against defendants. Indeed, it would be impossible for defendants to respond meaningfully to plaintiff's complaint in its current form.

Although plaintiff alleges that he has been subjected to numerous disturbing incidents and has suffered a myriad of injuries, he fails to include any explanation about why he believes either defendant should be held responsible for the harm he has suffered. For example, he does not allege that the FBI ordered that he be hit, run off the road, shot at, shocked, burglarized or anything else. In fact, he includes *no* allegations about what the FBI did to him that makes him believe it violated his rights.

Thus, plaintiff has failed to plead any claim for relief against either defendant. Because of his *pro se* status, however, the court will give plaintiff one opportunity to file an amended complaint that clarifies his claims and complies with Rule 8. If plaintiff

4

chooses to file an amended complaint, he should draft it as if he is telling a story to someone who knows nothing about his situation. This means he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; (5) and how the court can assist him in relation to those events. **Most importantly here, he should take care to identify the specific actions taken by defendant Jentry and the FBI that he believes violated his rights.** He should also set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his complaint, he should finally review the complaint and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

Should plaintiff file an amended complaint, he must *properly* serve it on defendants in accordance with Rule 4. This means he must serve defendant Jentry using one of the permissible methods of service under Rule 4(e). If plaintiff fails to file and serve an amended complaint, the court will close this case. *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.")

The court notes that defendants raised several other arguments in their motion to dismiss that the court has not addressed, including exhaustion and venue problems. Because the legal and factual basis for plaintiff's claims is unclear, however, resolution of these issues is premature and unnecessary at this time. If plaintiff files and serves an amended complaint and defendants continue to believe that it should be dismissed for

one of the reasons identified in their original motion to dismiss, they may renew their motion at the appropriate time.

ORDER

IT IS ORDERED that defendants' motion to dismiss (dkt. #8) is GRANTED and plaintiff Richard Louis Stohlmeyer's complaint is DISMISSED without prejudice for failure to serve defendant Samantha Jentry properly and for failure to state a claim upon which relief may be granted against the FBI. Plaintiff may have until **June 21, 2017**, to file an amended complaint that complies with Federal Rule of Civil Procedure 8 as described in this order. **If plaintiff fails to respond by that date, the clerk of court is directed to close this case.**

Entered this 31st day of May, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge